❏ Original ❏ Dup

**CLERK'S OFFICE**
**A TRUE COPY**
Feb 08, 2024

s/ JDH

Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | Case No. **24-M-325 (SCD)** |
| *or identify the person by name and address)* | ) | |
| Information associated with the location of the | ) | |
| cellular telephone assigned call number (262) | ) | |
| 993-0926 | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   2-22-24   *(not to exceed 14 days)*

❏ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. Stephen C. Dries   .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for   30   days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued:   2-8-24. 9:50 am

*Judge's signature*

City and state:   Milwaukee, WI

Honorable Stephen C. Dries, U. S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1.     Records and information associated with the cellular device assigned (262) 993-0926 (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of US Cellular (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 8410 W Bryn Mawr Ave, Chicago, Illinois

2.     The Target Cell Phone.

**ATTACHMENT B**
**Particular Things to be Seized**

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.   The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **December 16, 2023, to the date of this warrant**:

        i.   Names (including subscriber names, usernames, and screen names);

       ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii.   Local and long-distance telephone connection records;

      iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

       v.   Length of service (including start date) and types of service utilized;

      vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

    vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

   viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records; and

    ix.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

(iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

    i.  Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii.  Source and destination telephone numbers;

   iii.  Date, time, and duration of communication; and

   iv.  All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c.   Information about the location of the Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

   i.   To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

   ii.   This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.   Information to be Seized by the Government

All information described above in Section I that constitute evidence of violations of Title 21, United States Code, Section 841(a)(1).



CLERK'S OFFICE
A TRUE COPY
Feb 08, 2024
s/ JDH

Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with the location of the cellular
telephone assigned call number (262) 993-0926

)
)
)
)
)

Case No. **24-M-325 (SCD)**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with the intent to distribute controlled substances. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Applicant's signature_

Donald J Gaglione Jr., FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: __2-8-24__

_Judge's signature_

City and state: Milwaukee, WI

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Donald J Gaglione Jr, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (262) 993-0926 (Target Cell Phone") whose service provider is US Cellular ("Service Provider") a wireless telephone service provider headquartered at 8410 W Bryn Mawr Ave, Chicago, Illinois. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone .

3.      I am a Task Force Officer, with the Federal Bureau of Investigation and have experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the

1

available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4.      I have experience in the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location. I am currently assigned to the Milwaukee Area Safe Streets Task Force (MASSTF), where I conduct investigations involving narcotics and weapons trafficking, and violent gangs.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and therefore does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Malik Y NICHOLS (09/29/1996) is using the Target Cell Phone. I know from training and experience that cell phone users normally have their cell telephones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cell Phone will constitute and lead to evidence of federal offenses, namely 21 U.S.C. § 841(a)(1), that have been committed by NICHOLS, and are being committed by NICHOLS.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. Since March of 2023, the FBI and the Milwaukee Police Department (MPD) have been investigating members and associates of the Burleigh Zoo Family (BZF) street gang for violations of drug trafficking, illegal firearms possession and trafficking, among other crimes. In January of 2024, case agents interviewed a confidential source, CS #1. CS #1 identified multiple members and associates of the BZF street gang, who are involved in drug trafficking, weapon violations, and other crimes, including Malik Y NICHOLS (dob: 09/29/1996).

9. For several reasons, case agents believe that CS #1 is reliable and credible. First, CS #1 has been providing information since October of 2023. Second, the information provided by CS #1 is consistent with evidence obtained elsewhere in this

investigation where CS #1 was not utilized, and substantial portions of CS #1's information has been corroborated through independent investigation, including police reports and law enforcement databases. CS #1 is cooperating for consideration on pending federal charges for armed robberies and possession of a firearm during a crime of violence. CS #1 has two prior convictions for armed robbery. Finally, CS #1 has had an adequate opportunity to directly observe the events discussed and/or has heard conversations directly from the individuals discussed herein. For these reasons, case agents believe CS #1 to be reliable.

10.     CS #1 stated that s/he has known NICHOLS for more than 10 years and stated that he knows that NICHOLS is an associate of BZF members and is related to other members of the BZF street gang. CS #1 stated that s/he knows that NICHOLS sells controlled substances and has personally observed NICHOLS in possession of suspected controlled substances, which NICHOLS represented to be controlled substances, on multiple occasions, including during the month of January of 2024.

11.     On January 16, 2024, CS #1, acting under the direction and control of case agents, conducted a controlled buy of cocaine base from NICHOLS. Prior to the controlled buy, CS #1 called NICHOLS on the Target Cell Phone to arrange the purchase of cocaine. The call to NICHOLS was in the presence of case agents who confirmed that the number called was the Target Cell Phone number and case agents were able to hear the content of the conversation. NICHOLS directed CS #1 to the area of N Teutonia Avenue and W Villard Avenue at a gas station, but ultimately changed the location to the intersection of N 32nd St and W Lancaster Avenue. The controlled buy was recorded

2

both utilizing audio and video recording equipment and said recordings are maintained in the custody of the FBI. Case agents and law enforcement had also established surveillance in the area of 5065 N. 32nd Street, Milwaukee and observed NICHOLS exit from the residence at 5065 N 32nd St, meet with CS #1 and conduct a hand-to-hand transaction before entering a nearby vehicle where he remained for a period of time before departing the area. After the controlled buy, CS #1 met with case agents and case agents recovered 43.6 grams of suspected cocaine. The suspected cocaine was field tested and tested positive for the presence of cocaine base.

12.     Based on my training and experience, I know a "controlled buy" is a law enforcement operation in which an informant purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When an informant is used, s/he is searched for contraband, weapons, and money before the operation. The informant is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the informant meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The informant is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the

3

informants dial the target's number on each occasion and the contact is verified through telephone records.

13.     Based upon searches of law enforcement databases and administrative subpoenas case agents determined that the Target Cell Phone's service provider is US Cellular.

14.     In my training and experience, I have learned that US Cellular is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

15.     Based on my training and experience, I know that US Cellular can collect cell-site data on a prospective basis about the Target Cell Phones. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2)

4

the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## E-911 Phase II / GPS Location Data

16.    I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that US Cellular can collect E-911 Phase II data

5

about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

## Pen-Trap Data

17. Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

19. I further request that the Court direct US Cellular to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

6

20.     I also request that the Court direct US Cellular to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with US Cellular's services, including by initiating a signal to determine the location of the Target Cell Phone on US Cellular's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate US Cellular for reasonable expenses incurred in furnishing such facilities or assistance.

21.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is

7

reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

8

## ATTACHMENT A

## Property to Be Searched

1.      Records and information associated with the cellular device assigned (262) 993-0926  (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of  US Cellular (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 8410 W Bryn Mawr Ave, Chicago, Illinois

2.      The Target Cell Phone.

**ATTACHMENT B**
**Particular Things to be Seized**

## I.     Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **December 16, 2023 to the date of this warrant**:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(i) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

(iii) timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b.   Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

i.   Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.   Source and destination telephone numbers;

iii.   Date, time, and duration of communication; and

iv.   All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c.   Information about the location of the Target Cell Phone for a period of 30 days during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing

11

Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

    i.   To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

    ii.   This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that constitute evidence of violations of Title 21, United States Code, Section 841(a)(1).